Martina Escobedo GONZALEZ; Jose Dolores Gonzalez Airada; Jose G. Gonzalez Escobedo, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74647.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rochelle A. Nwadibia, Privitera and Nwadibia, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., Erica B. Miles, Esq., DOJ–U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Martina Escobedo Gonzalez, her husband Jose Dolores Gonzalez Airada and

---

their son, Jose G. Gonzalez Escobedo, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT") and cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004), we dismiss in part and deny in part the petition for review.

 We lack jurisdiction to review the petitioners' contention that the IJ erred when he denied their applications for asylum, withholding of removal and protection under CAT because they failed to raise those issues before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

 We also lack jurisdiction to review the petitioners' challenge to the agency's decision to commence removal rather than deportation proceedings against them. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir. 2002) (noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

 Substantial evidence supports the IJ's decision denying the petitioners' applications for cancellation of removal because the petitioners' testimony and documentary evidence fail to establish ten years of continuous physical presence prior

to the service of their Notices to Appear. *See* 8 U.S.C. §§ 1229b(b)(1)(A), (d)(1). Further, the petitioners' contention that because they were the victims of a notario, the doctrine of equitable tolling should apply to waive the presence requirement is unpersuasive.

**PETITION FOR REVIEW DISMISSED in part; DENIED IN PART.**