**Luisa GUTIERREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–70747.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Richard Mendez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Luisa Gutierrez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her motion to reopen proceedings, in which she was ordered deported in absentia. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we grant the petition for review in part, dismiss it in part, and remand.

The BIA abused its discretion in denying Gutierrez's motion to reopen because the record does not contain a signed certified mail return receipt to indicate that Gutierrez was properly served with the Order to Show Cause ("OSC"). *See Chaidez v. Gonzales*, 486 F.3d 1079, 1087 (9th Cir.2007) (holding that under former 8 U.S.C. § 1252b(c)(1) the government has the burden of demonstrating by clear, unequivocal, and convincing evidence that an alien or a responsible person at her address signed the certified mail return receipt for her OSC).

Accordingly, we grant the petition in part and remand for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of our disposition, we need not reach Gutierrez's contention concerning lack of notice of her hearing and asylum interview. On remand, the BIA should, if necessary, address Gutierrez's ineffective assistance of counsel claim in the first instance.

We lack jurisdiction to consider Gutierrez's contention concerning her pending application for Temporary Protected Status because she did not raise it before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.