**Jose ALCARAZ–MENDIAZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70237.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

James Todd Bennett, El Cerrito, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

W. Manning Evans, Mark C. Walters, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Jose Alcaraz–Mendiaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We review de novo questions of law. *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the adverse credibility finding because Alcaraz–Mendiaz's application was materially inconsistent with his sister's testimony regarding the duration of his 1989 departure to Mexico. *Cf. Vera–Villegas v. INS,* 330 F.3d 1222, 1231–34 (9th Cir.2003). Moreover, Alcaraz–Mendiaz failed to provide sufficient supporting documentation attesting to his presence prior to 1989. The agency therefore properly concluded that Alcaraz–Mendiaz did not meet his burden

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to establish continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A).

Contrary to Alcaraz–Mendiaz's contention, the record shows the IJ used the correct legal standard in analyzing whether the duration of his departure to Mexico in 1987 broke his continuous physical presence. *See id.* § 1229b(d)(2).

We lack jurisdiction to review Alcaraz–Mendiaz's contentions regarding ineffective assistance of counsel because Alcaraz–Mendiaz failed to raise that issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (requiring exhaustion of administrative remedies).

Alcaraz–Mendiaz's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.