**FANG DI CHEN, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–73937.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2008.\*\*

Filed April 7, 2008.

Thomas A. Lappin, Law Offices of Thomas A. Lappin, San Diego, CA, for Petitioner.

Timothy Bo Stanton, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAS–District Counsel, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*\*

Fang Di Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") denial of asylum and withholding of removal.

Petitioner established that his wife suffered the forced insertion of an IUD following the birth of their first child in 2003. He did not establish the basis for any presumption that he will suffer any form of

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

persecution on his return to China. *See* 8 C.F.R. § 208.13(b)(1). As the BIA noted, it was not the petitioner who suffered past persecution, even assuming the forced insertion of the device for a limited period would constitute past persecution.

The BIA also correctly determined that he did not demonstrate a well-founded fear of future persecution, particularly because he and his wife will be permitted to have another child later this year.

Petitioner did not raise his challenge to the denial of his Convention Against Torture claim to the BIA. It is therefore unexhausted, and this court cannot review it. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

The petition is therefore DENIED in part and DISMISSED in part.

* This disposition is not appropriate for publication and is not precedent except as provided