**Wilfredo Ramon BARBERENA–HERNANDEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77223.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 10, 2008.

Christopher J. Stender, Esq., Deniz S. Arik, Stender & Pope, PC, Phoenix, AZ, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice Redifern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Wilfredo Ramon Barberena–Hernandez, native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings to ad-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

just status under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub.L. No. 105–100, 111 Stat. 2160, *as amended by* Pub.L. No. 105–139, 11 Stat. 2644, and denying his motion to adjust status pursuant to an approved visa petition. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the BIA's decision for abuse of discretion, *see I.N.S. v. Doherty,* 502 U.S. 314, 315, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely Barberena–Hernandez's motion to reopen because the motion was filed at least seven years after the deadline for relief under NACARA, *see* 8 C.F.R. § 1003.43(e)(1) (requiring motions to reopen to apply for NACARA relief be filed by September 11, 1998), and nine years after the deadline relevant for adjustment of status, *see* 8 C.F.R. § 1003.2(c)(2) (requiring motions to reopen be filed within 90 days of the final administrative decision or by September 30, 1996). Barberena–Hernandez has failed to demonstrate that equitable tolling is appropriate in his case. *Cf. Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (recognizing equitable tolling where an alien is prevented from timely filing a motion to reopen due to his counsel's deception, fraud, or error, as long as the petitioner acts with due diligence); *see also* 8 C.F.R. § 245.13(d)(5)(i).

Because he did not exhaust the argument before the BIA, this court lacks jurisdiction to review Barberena's contention that he was eligible for equitable tolling on the basis of his receipt of employment authorization. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.