**Bernando SURYANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70849.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Janet J. Hong, Hanlon & Greene, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John S. Hogan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Bernando Suryana, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and we review de novo questions of law, *see Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

■ The record does not compel the conclusion that Suryana has shown changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir.2007) (per curiam).

■ We lack jurisdiction to consider Suryana's claim that the IJ violated his due process by failing to consider changed or extraordinary circumstances that would excuse his delay because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). We reject Suryana's claim that the BIA violated his due process by failing to consider changed or extraordinary circumstances. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

■ We lack jurisdiction to consider Suryana's claim that he suffered past persecution because he did not raise this claim to the BIA. *See Barron*, 358 F.3d at 678.

Substantial evidence supports the IJ's denial of withholding of removal because, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christians seeking withholding of removal, the incidents that occurred to Suryana's brothers-in-law and brother do not establish that Suryana has a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003). Substantial evidence further supports the IJ's denial of withholding because Suryana's similarly situated Christian parents and brother remain in Indonesia without incident. *See Hakeem,* 273 F.3d at 816–17. Finally, Suryana did not establish that there is a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–1181 (9th Cir.2007) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**