Noemy ALVARADO–MARTINEZ,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–72106.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

Robert L. Lewis, Esq., Law Office of
Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of
Homeland Security, Charles P. Reichmann, U.S. Department of Justice, San
Francisco, CA, Janice K. Redfern, Esq.,
U.S. Department of Justice, Washington,
DC, for Respondent.

Before: ALARCÓN, LEAVY, and
TALLMAN, Circuit Judges.

MEMORANDUM **

Noemy Alvarado–Martinez, a native and
citizen of El Salvador, petitions for review

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision denying her application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the agency's determination that Alvarado–Martinez did not qualify for asylum because she failed to establish past persecution or a well-founded fear of future persecution. *See id.* at 1051. Alvarado–Martinez testified that no one harmed or threatened her and she did not demonstrate that the incidents involving her husband and son create a "pattern of persecution closely tied" to her. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991). Moreover, Alvarado–Martinez's ability to live safely in El Salvador for the four years following the attack on her son undermines the objective basis of her fear of future persecution. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991).

■ Because Alvarado–Martinez did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Molina–Morales*, 237 F.3d at 1051.

■ Alvarado's newly raised arguments regarding past persecution were not exhausted before the BIA and we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004)

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**