MEMORANDUM **
Yongjiang Yu, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration *368 judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, Kaur v. Gonzales, 418 F.3d 1061, 1064 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.
The BIA denied Yu’s asylum application as time-barred. Yu does not challenge this finding.
Substantial evidence supports the agency’s adverse credibility determination based on the demeanor finding as well as discrepancies regarding Yu’s entry into the United States and the date of his detention in China, because the repeated and significant inconsistencies in Yu’s testimony deprive his claim of the requisite “ring of truth”. See id. at 1067; Don v. Gonzales, 476 F.3d 738, 741-42, 743-44 (9th Cir.2007) (upholding an adverse credibility determination where petitioner demonstrated a lack of consistency about an important date and a propensity for dishonesty); Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir.1999) (demeanor-based adverse credibility determinations are entitled to “special deference”). Accordingly, Yu’s withholding of removal claim fails.
Substantial evidence also supports the agency’s denial of Yu’s CAT claim because this claim is based on the same statements that the agency found to be not credible, and Yu points to no other evidence showing he will more likely than not be tortured. See Farah v. Ashcroft, 348 F.3d 1153,1157 (9th Cir.2003).
We lack jurisdiction to consider Yu’s contention regarding the adequacy of the notice prior to the agency’s frivolous application finding because he did not raise this contention to the BIA. See Ahir v. Mukasey, 527 F.3d 912, 917 (9th Cir.2008); Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.