Hermanus R.D. NGANTUNG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74241.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2009.*

Filed March 31, 2009.

Hermanus R.D. Ngantung, Laguna Niguel, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Hermanus R.D. Ngantung, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Ngantung's contention that he established changed or extraordinary circumstances to excuse the untimely filing of his asylum application because he did not exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Substantial evidence supports the BIA's conclusion that Ngantung failed to establish either past persecution or a clear probability of future persecution, because Ngantung did not establish a relationship between the murder of his son and the threats and discrimination he suffered in Indonesia or his fear of future persecution. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies to Christian Indonesians of Manadonese ethnicity, Ngantung has not demonstrated a clear probability of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Ngantung failed to establish that it is more likely than not that he would be tortured if he returns to Indonesia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

Finally, because the BIA did not summarily affirm the IJ's decision, we reject Ngantung's contentions that the BIA violated his due process rights by ignoring his arguments on appeal and summarily dismissing his case without opinion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.