**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARJINDER SINGH, | No. 06-74014 |
| Petitioner, | Agency No. A075-246-742 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Harjinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, witholding of removal,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NV/Research

protection under the Convention Against Torture ("CAT"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's denial of voluntary departure, 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i), and Singh's unexhausted challenge to the government's fraudulent document report. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility determination based on Singh's submission of fraudulent documents that go to the heart of his claim, including letters allegedly written by the doctor who treated his injuries, and by the priest of the gurdwara Singh claims to have attended daily. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004); *Cf. Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911-12 (9th Cir. 2004) (reversing adverse credibility determination based solely on the use of one allegedly fraudulent document where applicant corroborated testimony and nothing in the record suggested lack of credibility or knowledge that document was fraudulent). Accordingly, Singh's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Substantial evidence also supports the IJ's denial of Singh's CAT claim because it is based on the same evidence the IJ found not credible, and Singh points to no other evidence showing it is more likely than not he will be tortured. *See id*. at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**