**Baltazar Hernandez BARRON; Margarita Hernandez Ramirez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70887.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Filed Feb. 10, 2004.

Paul A. Schelly, Los Angeles, California, for petitioners.

Robert D. McCallum, Jr., Carl H. McIntyre, Jr., and John L. Davis, United States Department of Justice, for respondent.

Before: HALL, O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.**

O'SCANNLAIN, Circuit Judge:

We must decide whether we have jurisdiction to consider a due process claim that the petitioners did not present to the Immigration and Naturalization Service or to the Board of Immigration Appeals.

I

Baltazar Hernandez Barron and Margarita Hernandez Ramirez ("the petition-

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

ers") are married natives and citizens of Mexico who illegally entered the United States near San Ysidro, California in February 1985 and January 1988, respectively. The Immigration and Naturalization Service ("INS") began removal proceedings against them on July 11, 1997 after serving Notices to Appear charging them as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). The petitioners admitted their removability and asked for relief through either cancellation of removal or voluntary departure.

Although the petitioners' counsel failed to appear at their removal hearing on June 30, 1998,[1] the Immigration Judge ("IJ") decided to proceed as scheduled. Ultimately, the IJ denied the petitioners' applications for cancellation of removal, but granted their request for voluntary departure.[2] The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion on March 29, 2002.

The petitioners now appeal solely on the grounds that they were denied a full and fair hearing in violation of the Constitution.[3] Specifically, the petitioners argue that the IJ denied them their Fifth Amendment due process rights because he conducted the hearing in the absence of their counsel, and because they were not given an opportunity to present their case.

Notably, however, the petitioners did not raise these issues at any stage of their administrative proceedings. In their appeal to the BIA, the petitioners only emphasized their good moral character, along with the anticipated personal hardships caused by removal, including the severing of U.S. community ties, the poor economic outlook in Mexico, and the unavailability of health services there. Even construed broadly,[4] the petitioners cannot be interpreted to have presented a due process challenge. Their appeal nowhere mentions the absence of their lawyer, or alleges at any point that they were not given an opportunity to speak at their hearing.

## II

■■ Because the petitioners did not raise their claim at the administrative lev-

1. Three weeks prior to the removal hearing, petitioners' counsel requested and was granted permission to withdraw as petitioners' attorney of record because she would be out of town on the scheduled date of the hearing. Her motion to withdraw alleged that she gave the petitioners the choice of filing a motion for a continuance with her remaining as counsel, or having three weeks to find new representation. Petitioners informed her they would find new counsel by the date of the hearing. Yet when asked at the hearing why their new counsel was not present, the petitioners answered that they did not know.

2. The IJ found Ms. Ramirez statutorily ineligible for cancellation of removal because she conceded that she lacked ten years continuous presence in the United States, one of the statutory requirements necessary for cancellation relief. 28 U.S.C. § 1129b(b)(1)(A). The IJ also questioned if Mr. Barron's application met this requirement. Even assuming it did, the IJ nevertheless ruled that Mr. Barron had not established another necessary requirement: that his removal would result in exceptional and extremely unusual hardship to a "spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 28 U.S.C. § 1129b(b)(1)(D). While Mr. Barron did have a relative, his father, who legally resided in the United States, the IJ noted that Mr. Barron's testimony established no contact between the two since 1990 and that his father had not appeared to testify nor offered supporting documentation on his behalf.

3. The petitioners simultaneously filed a motion for stay of removal, which this court denied on July 29, 2002.

4. We liberally construe the petitioners' appeal to the BIA because it was pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

el, we must decide whether we may consider it here. Due process challenges to immigration decisions are subject to de novo review. *Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 869 (9th Cir.2003) (en banc). Similarly, the jurisdictional limitations of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA") present questions of law reviewed de novo. *Pondoc Hernaez v. INS,* 244 F.3d 752, 756 (9th Cir.2001).

■ It is a well-known axiom of administrative law that "if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." *Tejeda–Mata v. INS,* 626 F.2d 721, 726 (9th Cir.1980); *see also, e.g., Reid v. Engen,* 765 F.2d 1457, 1460 (9th Cir.1985) ("As a general rule, if a petitioner fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal.").

■ The Supreme Court instructs us to apply the exhaustion doctrine with a "regard for the particular administrative scheme at issue." *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Generally, "[w]here Congress specifically mandates" it, exhaustion is not merely appropriate, but "required." *McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (interpreting a specific statute that has since been amended); *Coit Independence Joint Venture v. FSLIC,* 489 U.S. 561, 579, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989) (establishing that "exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute").

■ The statutory provision at issue here, 8 U.S.C. § 1252(d)(1), provides that a "court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." The plain language of § 1252(d)(1), therefore, specifically mandates that the exhaustion of administrative remedies is a prerequisite to our jurisdiction. In other contexts, we have found exhaustion provisions to be jurisdictional bars when they contain "sweeping and direct" language going beyond a "mere[ ] ... codification of the exhaustion requirement." *McBride Cotton & Cattle Corp. v. Veneman,* 290 F.3d 973, 979 (9th Cir.2002) (internal quotations omitted). Section 1252(d)(1) is just such a provision: It is addressed specifically to the court and contains broad and clear language directing us *only* to review a petition *if* the petitioner has exhausted *all* remedies available to him or her.

We have previously held that IIRIRA's statutory predecessor also mandated exhaustion. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183–84 & n. 6 (9th Cir.2001) (en banc) (interpreting 8 U.S.C. § 1105a(c) (repealed 1996)). Section 1252(d)(1) is substantially similar to § 1105(a)c,[5] and there appear to be no intervening grounds upon which to base an alteration in our immigration exhaustion precedent. *Cf. Socop–Gonzalez,* 272 F.3d at 1183–84 & n. 6 (holding that the pre-IIRIRA provision mandated exhaustion, while noting simply that the "post-IIRIRA exhaustion requirement is codified at INA § 242(d), 8 U.S.C. § 1252(d)"). Indeed, this Court has already suggested that § 1252(d)(1) serves as a general jurisdictional bar. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th

**5.** *Compare* INA § 242(d), 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right ...."), *with* INA § 106(c), 8 U.S.C. § 1105a(c) (repealed 1996) ("An order of deportation ... shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right....").

Cir.2003) (stating that "[b]efore a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ" and citing 8 U.S.C. § 1252(d)); *Taniguchi v. Schultz*, 303 F.3d 950, 955–56 (9th Cir.2002) (noting a jurisdictional effect of failing to exhaust pursuant to § 1252(d)(1)).

Other circuits have also interpreted § 1252(d)(1) as a jurisdictional bar to review. *See Theodoropoulos v. INS*, 358 F.3d 162, 169–72, 2004 WL 49118 (2d Cir. 2004), *available at* 2004 WL 49118, at *6– *8 (deeming § 1252(d)(1)'s exhaustion requirement as a jurisdictional bar to all forms of appellate review, including habeas corpus); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003) (citing § 1252(d)(1) in holding that "because [the petitioner] failed to raise [an] issue in his appeal to the Board, we do not have jurisdiction to consider the question"); *Fernandez–Bernal v. Attorney General of the United States*, 257 F.3d 1304, 1317 n. 13 (11th Cir.2001) (same); *Singh v. Reno*, 182 F.3d 504, 511 (7th Cir.1999) (same); *Witter v. INS*, 113 F.3d 549, 554 (5th Cir.1997) (same). Accordingly, we now join our sister circuits in squarely holding that § 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.

We recognize that the principle of exhaustion may exclude certain constitutional challenges that are not within the competence of administrative agencies to decide.[6] *See, e.g., Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994); *Reid*, 765 F.2d at 1461. Among such challenges may be due process claims, but only if they involve more than "mere procedural error" that an administrative tribunal could remedy. *See*

*Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir.2002) (stating that "we may not entertain due process claims based on correctable procedural errors unless the alien raised them below"); *Rashtabadi*, 23 F.3d at 1567 (recognizing and applying this exception). Here, if the sole alleged error— absence of counsel and lack of opportunity to present a case—were presented and found to have merit, the BIA could simply have ordered a rehearing with counsel present. The petitioners' due process challenge is therefore procedural in nature, and because it was never presented below, we lack subject-matter jurisdiction to address it now.

### III

For the foregoing reasons, the petition for review is DISMISSED.

---

**6.** Section 1252(d)(1) itself appears to recognize this exclusion, limiting the jurisdictional bar only to those "administrative remedies *available* to the alien" (emphasis added).