MEMORANDUM **
Jorge Augusto Bresani Mier Y Teran, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) order denying his motion to reconsider the IJ’s earlier decision denying his motion to reopen removal proceedings conducted in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, Yeghiazaryan v. Gonzales, 439 F.3d 994, 998 (9th *894 Cir.2006), we dismiss in part and grant in part the petition for review.
We lack jurisdiction to consider Mier Y Teran’s contentions regarding ineffective assistance of counsel and changed circumstances in Peru because he failed to raise those issues in his April 4, 2003 appeal to the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional). Further, to the extent Mier Y Teran challenges the BIA’s orders of October 8, 2004 and December 13, 2004, the instant petition for review is not timely as to those decisions. See 8 U.S.C. § 1252(b)(1); Stone v. INS, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).
The BIA abused its discretion in upholding the IJ’s order denying Mier Y Teran’s motion to reopen for lack of supporting evidence, because the motion identified the specific grounds for setting aside the in absentia removal order and stated that Mier Y Teran would file additional evidence, and the following week, Mier Y Teran filed that supporting evidence, well within the 90 day deadline for filing a motion to reopen. See Yeghiazaryan, 439 F.3d at 998-99 (holding that 8 C.F.R. § 1003.2(c) does not mandate concurrent submission oí a petitioner’s motion, briefs and supporting evidence). Given that Mier Y Teran stated that he filed the skeletal motion to reopen to secure his release from custody, that his motion laid out its basis and told the IJ that evidence would be forthcoming, and that the IJ did not notify Mier Y Teran his motion could be denied before the expiration of the 90 day period, the denial of his motion for lack of supporting evidence also constituted a denial of due process. See id. at 1000.
We remand for the BIA to consider Mier Y Teran’s motion to reopen, in conjunction with the evidence he filed within the 90-day window.
PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.