**Rogelio Baldo FLORES CINFUENTES,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71492.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour, M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, John E. Cunningham, III, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM [**]

Rogelio Baldo Flores Cinfuentes, a native and citizen of Guatemala, petitions for review of a summary order of the Board of Immigration Appeals upholding an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 862

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.2001), we deny the petition for review.

■ Substantial evidence supports the IJ's finding that there was no nexus between the harms Flores Cinfuentes suffered and a protected ground. *See id.* at 865. There is no evidence in the record that the guerrilla who threatened Flores Cinfuentes did so for any reason other than out of his desire to reconcile with his former girlfriend, who Flores Cinfuentes began dating. *See id.*

■ We lack jurisdiction to consider Flores Cinfuentes's contention that he is part of a social group comprised of people in Guatemala who failed to follow the orders of a guerrilla group because he failed to exhaust it below. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

■ Additionally, there is no evidence in the record to suggest that Flores Cinfuentes has a well-founded fear of persecution based on threats received 17 years ago over the affections of a woman. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (holding old animosities are insufficient to establish a well-founded fear of future persecution).

■ Because Flores Cinfuentes failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

■ Substantial evidence supports the IJ's denial of CAT relief because Flores Cinfuentes has failed to establish that it is more likely than not that he will be tortured if returned to Guatemala. *See Lan-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*za v. Ashcroft,* 389 F.3d 917, 936 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**