Evan Elizabeth RODAS–DE LEON, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76339.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Evan Elizabeth Rodas–De Leon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") order denying Rodas–De Leon's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, see Nahrvani v. Gonzales, 399 F.3d

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1148, 1151 (9th Cir.2005), we deny the petition for review in part and dismiss it in part.

■ Rodas–De Leon testified that she served in her town's civil patrol for a year in 1992, and that in February 1993 a letter threatening her life was left under the door of the house she shared with her parents. Rodas–De Leon also testified that she learned two of her fellow civil patrol members had disappeared, but that she was otherwise unaware of their circumstances. Contrary to Rodas–De Leon's contentions, the evidence does not compel the conclusion that her mistreatment rose to the level of persecution, or that her fear of returning to Guatemala is objectively reasonable. *See id.* at 1153–54. Because Rodas–De Leon failed to establish eligibility for asylum, she necessarily failed to meet the higher burden for withholding of removal. *See id* at 1154.

■ We lack jurisdiction to review the agency's denial of CAT relief because Rodas–De Leon failed to raise that issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (court lacks jurisdiction to review claims not exhausted in administrative proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**