**Bassam DAHMAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70208.

United States Court of Appeals, Ninth Circuit.

Submitted on Jan. 8, 2007.*

Filed Jan. 17, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ravit Rae Halperin, Esq., Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Laura K. Bonander, Office of the U.S. Attorney, Atlanta, GA, Anthony C. Payne, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Bassam Dahmah, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997), and deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's determination that the mistreatment Dahmah suffered was not on account of a protected ground. Dahmah testified that his business was destroyed by fire, that his father was beaten while in police custody, that he was pulled from his car and beaten and that he was detained and beaten when he complained to the police about the attack. Nothing in the record, however, compels the conclusion that Dahmah was mistreated because of his religious beliefs. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir.2000).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

668

Because Dahmah failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

█ We lack jurisdiction to review Dahmah's contentions that he was persecuted on account of his membership in a social group and that he is eligible for CAT relief. Dahmah failed to raise these issues before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**