**Afework Jemere MENGESHA; Abebech Sisay, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71942.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Car-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ol Federighi, Esquire, Senior Litigation Counsel, Sarah L. Weyler, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

#### MEMORANDUM **

Afework Jemere Mengesha and his wife, natives and citizens of Ethiopia, petition for review of a Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Mengesha's voluntary return trips to Ethiopia inherently undermine his testimony that he experienced past persecution or had a well-founded fear of future persecution. *See Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir.2008). Substantial evidence also supports the IJ's credibility determination based on Mengesha's submission of a fraudulent document that goes to the heart of his claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). Because Mengesha's asylum and withholding of removal claims are based on testimony the IJ found not credible, those claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

The court lacks jurisdiction to review Mengesha's CAT claim or due process challenge because he failed to exhaust those issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

