MEMORANDUM **
Hector Alvarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review legal questions de novo, Alvarez Figueroa v. Mukasey, 543 F.3d 487, 491 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.
The BIA did not err in denying Alvarez’ application for an exception under 8 U.S.C. § 1182(a)(6)(C)(ii)(II) because Alvarez failed to establish that both of his natural parents are or were United States citizens. See Romero-Ruiz v. Mukasey, 538 F.3d 1057, 1063 (9th Cir.2008).
Alvarez departed the United States on December 29,1997, because of a removal order which ended his accrual of continuous physical presence before the required ten years. See Juarez-Ramos v. Gonzales, 485 F.3d 509, 512 (9th Cir.2007). We need not address Alvarez’ contention regarding the other cancellation of removal requirements because the presence ground is dispositive. See 8 U.S.C. § 1229b(b)(1)(A).
We lack jurisdiction to consider Alvarez’ remaining contentions because he failed to exhaust them before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the BIA).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.