MEMORANDUM **
Elisa Pineda Castillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ order dismissing her appeal from an immigration judge’s decision denying her application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review Castillo’s claim of persecution on account of family social group because she failed to exhaust it. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below).
Substantial evidence supports the agency’s finding that Castillo did not suffer persecution in Guatemala because she was never physically harmed or directly threatened. See Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 870 n. 6 (9th Cir.2003) (concluding vague allegations of threats insufficient to establish past persecution). Substantial evidence also supports the agency’s finding that Castillo failed to establish her step-father’s murderers imputed a political opinion to her or her family. See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997) (requiring a close relationship between petitioner’s situation and family member’s persecution to establish imputed political opinion). Further *237 more, Castillo failed to demonstrate a well-founded fear of persecution on account of a protected ground because Castillo lived in Guatemala for 17 years without harm before coming to the United States, and her mother continues to live in Guatemala unharmed. See Hakeem v. INS, 273 F.3d 812, 816-17 (9th Cir.2001), see also Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991). Accordingly, we deny Castillo’s asylum claim.
Because Castillo is unable to establish eligibility for asylum, she has necessarily failed to satisfy the more stringent standard under withholding of removal. See Belayneh v. INS, 213 F.3d 488, 490-91 (9th Cir.2000).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.