**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJIT SINGH, | No. 07-72982 |
| Petitioner, | Agency No. A079-258-066 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:      GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ranjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his second motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

JK/Research

for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's second motion to reopen as untimely and numerically barred, where the motion was filed over three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time and number limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (in order to prevail on a motion to reopen based on changed country conditions, petitioner must demonstrate that evidence would establish prima facie eligibility for relief sought).

We lack jurisdiction over Singh's due process contention that he received inadequate translation at his merits hearing, as well as his renewed challenge to the immigration judge's adverse credibility determination, because he failed to raise these contentions to the BIA in the second motion to reopen. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**