FILED

UNITED STATES COURT OF APPEALS

AUG 12 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS MAZARIEGOS-DELGADO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-75029

Agency No. A076-341-964

ORDER

Before:   BEEZER, TROTT, and BYBEE, Circuit Judges.

Mazariegos-Delgado's petition for panel rehearing is granted in part.

The memorandum disposition filed on January 21, 2010 is withdrawn.  A replacement memorandum disposition is being filed concurrently with this order.

No further filing shall be accepted in this closed case.

FILED

AUG 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE LUIS MAZARIEGOS-DELGADO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-75029

Agency No. A076-341-964

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Jose Luis Mazariegos-Delgado, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Mazariegos-Delgado's contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the IJ's conclusion that Mazariegos-Delgado did not show that his problems with Rudy Vega and his family, or Mazariegos-Delgado's problems with the political party, Union de Centro Nacional, established past persecution or a well-founded fear of future persecution on account of a protected ground. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028-30 (9th Cir. 2000); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground).

Substantial evidence also supports the IJ's determination that, even though Mazariegos-Delgado suffered past persecution by the Guatemalan police on account of his imputed political opinion, the presumption of a well-founded fear of future persecution had been rebutted due to the change in circumstances. *See Sowe v. Mukasey*, 538 F.3d 1281, 1285-86 (9th Cir. 2008) (agency rationally construed

evidence in the record and provided a sufficiently individualized analysis of the petitioner's situation). Therefore, Mazariegos-Delgado's asylum and withholding of removal claims fail. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009)

Finally, substantial evidence supports the IJ's determination that Mazariegos-Delgado is not entitled to CAT protection because he failed to demonstrate that it is more likely than not that he will be tortured if returned to Guatemala. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**