**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOFIZUR RAHMAN, | No. 08-70867 |
| Petitioner, | Agency No. A095-634-646 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Mofizur Rahman, native and citizen of Bangladesh, petitions for review of a

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We deny the petition for review.

Rahman does not challenge the agency's dispositive finding that his application for asylum was untimely. Accordingly, his asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on both the inconsistencies between Rahman's asylum application and his testimony regarding the nature of the August 1991 incident, and on Rahman's lack of detail regarding his injuries. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). We do not consider Rahman's contentions that the IJ did not have him swear to his asylum application and that the IJ failed to consider his corroborating evidence, because he failed to exhaust them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Rahman's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Rahman has not established that any torture he may suffer would be by or with the acquiescence of the Bangladesh government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

08-70867