**NOT FOR PUBLICATION**

MAR 02 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER ALEXANDER HERNANDEZ-MARTINEZ,<br><br>            Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 08-73236<br><br>Agency No. A200-051-727<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Walter Alexander Hernandez-Martinez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations in immigration proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Hernandez-Martinez fears persecution from gang members because he was a police officer in El Salvador. Substantial evidence supports the agency's determination that Hernandez-Martinez failed to establish the government would be unable or unwilling to protect him. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Accordingly, Hernandez-Martinez's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Hernandez-Martinez failed to establish it is more likely than not he would be tortured at the instigation or with the acquiescence of the Salvadoran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Hernandez-Martinez's contentions that the BIA applied the wrong standard and inadequately analyzed his CAT claim. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir.

08-73236

2004) (agency "does not have to write an exegesis on every contention") (internal quotation marks and citation omitted).

Finally, we lack jurisdiction to review Hernandez-Martinez's due process contention concerning the hearing transcript because he did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**