**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONYEKACHUKWU NGOZI ENUNWE, | No. 12-70777 |
| Petitioner, | Agency No. A096-514-425 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Onyekachukwu Ngozi Enunwe, a native and citizen of Nigeria, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's denial of her motion to reopen removal proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Popa v. Holder*, 571 F.3d 890, 894 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Enunwe's motion to reopen where Enunwe failed to present evidence that she did not receive proper notice of her hearing. *See* 8 U.S.C. §§ 1229(a)(1), 1229a(b)(5)(A) (written notice is sufficient if mailed to the most recent address provided by the alien). It follows that Enunwe's due process claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The agency also did not abuse its discretion in denying Enunwe's motion to reopen based on changed country conditions where she failed to present any evidence in support of her claim for relief under the Convention Against Torture. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

We lack jurisdiction to consider Enunwe's contention regarding asylum and withholding of removal because she failed to raise these claims before the BIA, and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review claims not presented to the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**