

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FAUSTO JIMENEZ,<br><br>  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 09-73028<br><br>Agency No. A092-445-131<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2013[**]
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District
Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Fausto Jimenez ("Jimenez"), a native and citizen of Mexico, petitions for review of a final administrative removal order. We dismiss the petition for review in part and deny in it part.

We lack jurisdiction over Jimenez's claims concerning the Attorney General's decision to place him in expedited removal, his classification as an aggravated felon, his lawful permanent resident status, and his right to apply for relief from removal. Jimenez failed to exhaust these claims before the Deciding Service Officer, as allowed by 8 C.F.R. § 238.1(c). *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2003); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

Although we have jurisdiction to consider Jimenez's constitutional challenge to the Attorney General's authority to place him in expedited removal proceedings, 8 U.S.C. § 1228(b), that claim is foreclosed by *United States v. Calderon–Segura*, 512 F.3d 1104 (9th Cir. 2008).

Jimenez's motion to file a supplemental brief is denied.

**DISMISSED IN PART; DENIED IN PART; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED.**