**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSUELO MARGARITA DE LEON-RIVAS, | No. 09-71594 |
| Petitioner, | Agency No. A099-672-883 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2013[**]
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Consuelo Margarita De Leon-Rivas, a native and citizen of El Salvador,

petitions for review of the Board of Immigrations Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Eligibility for asylum and withholding of removal requires a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion by either a government official or individuals whom the government is unable or unwilling to control. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). Substantial evidence in the record supports the BIA's denial of De Leon-Rivas's application for asylum and withholding of removal because De Leon-Rivas failed to show a well-founded fear of persecution if returned to El Salvador by an individual whom the government is unable or unwilling to control. Therefore, the Court need not reach whether De Leon-Rivas has a well-founded fear of persecution on account of her membership in a particular social group.

To obtain protection under the Convention Against Torture, an applicant must show that it is more likely than not that she will be tortured if she is removed to the country of removal "'by or at the instigation of or with the consent or acquiescence of a public official.'" *Santos-Lemus*, 542 F.3d at 747 (quoting 8 C.F.R. § 1208.18(a)(1)). Substantial evidence in the record supports the BIA's conclusion that De Leon-Rivas is not entitled to protection under the Convention

Against Torture because she failed to show that if she returns to El Salvador she will be tortured, and that public officials will consent or acquiesce to the torture.

We do not have jurisdiction to consider whether De Leon-Rivas should be granted asylum for humanitarian reasons, *see Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989), because De Leon-Rivas did not exhaust this ground for relief before the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**PETITION DENIED.**