**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRECIA MARICRUZ LOPEZ-LOPEZ, | No. 08-72678 |
| Petitioner, | Agency No. A200-134-472 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Grecia Maricruz Lopez-Lopez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order affirming an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination even if Lopez-Lopez was a member of a particular social group, she failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741-42 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bear no nexus to a protected ground). We lack jurisdiction to consider the new social group and political opinion contentions Lopez-Lopez raises for the first time in her opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented in administrative proceedings below). Thus, Lopez-Lopez's asylum claim fails.

Because Lopez-Lopez failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of Lopez-Lopez's CAT claim because she failed to demonstrate it is more likely than not she

would be tortured by or with the consent or acquiescence of the government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**