**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FNU JOKO,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 13-72174

Agency No. A088-125-412

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

     Joko, a native and citizen of Indonesia, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The IJ determined Joko's past experiences of harm were not on account of his Chinese ethnicity or did not rise to the level of persecution, and the BIA affirmed the IJ's conclusion. Substantial evidence supports the agency's determination. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents of mistreatment, cumulatively, did not compel a finding of persecution). We reject Joko's contentions that the agency applied an incorrect legal standard or misinterpreted the record. Substantial evidence also supports the BIA's conclusion that even under a disfavored group analysis, Joko did not demonstrate sufficient individualized risk of persecution to establish eligibility for asylum. *See Halim*, 590 F.3d at 979. Thus, Joko's asylum claim fails.

Because Joko failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, we lack jurisdiction to consider Joko's contentions challenging the IJ's denial of his CAT claim because he failed to raise them to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004), and the record does not support Joko's contention that the BIA reached the merits of his CAT claim.

We deny as unnecessary Joko's motion to assign his case to a merits panel.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**