NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGOTH PORTILLO-SANTOS; OSCAR OMAR MORALES-SANTOS,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  18-72002<br><br>Agency Nos.   A202-139-106<br>A202-139-107<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Margoth Portillo-Santos and Oscar Omar Morales-Santos (together,

Petitioners) petition for review of an order of the Board of Immigration Appeals

(BIA) affirming an immigration judge's (IJ) denial of their applications for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Immigration and Nationality Act and the Convention Against Torture (CAT). Portillo-Santos is a dual citizen of Guatemala and El Salvador. Morales-Santos is a citizen of only Guatemala. We have jurisdiction under 8 U.S.C. § 1252. "Because the BIA agreed with the IJ's reasoning and added some of its own, we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). We deny the petition for review.

1.      Portillo-Santos did not raise before the BIA and does not raise before us any claims related to past persecution, a well-founded fear of future persecution, or a likelihood of torture in El Salvador. This failure is dispositive of her claims for asylum, withholding of removal, and CAT relief as they relate to El Salvador. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims "not presented in administrative proceedings below").

"[T]o receive asylum, a person of dual nationality must demonstrate a well-founded fear of persecution in *both* countries." *Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1192 (9th Cir. 2015). Portillo-Santos's failure to raise any asylum claim related to El Salvador before the BIA is therefore also dispositive of her asylum claim as it relates to Guatemala. *Id.*

2. Substantial evidence supports the BIA's denial of Portillo-Santos's withholding of removal claim and Morales-Santos's asylum and withholding of removal claims on the ground that they have not satisfied the nexus requirement. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (to meet the nexus requirement, Petitioners must show "a risk of persecution on account of [their] membership in the specified particular social group." (cleaned up)).

Petitioners argue that they were persecuted by a gang "on account of [their] membership in a particular social group consisting of those who belong to [the] Santos family." But substantial evidence—including Morales-Santos's own testimony that the interactions with the gang likely occurred because his father had sent him money for "good shoes"—supports the agency's determination that Morales-Santos was approached by a gang not on the grounds of any family ties, but because they wanted to recruit him to "further their criminal enterprise." Substantial evidence also supports the determination that the robbery Petitioners experienced on a public bus was "merely a criminal act," as the thieves stole from everyone and did not target the family specifically. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").

Portillo-Santos additionally argues that she was persecuted because she is a landowner. But a "personal vendetta" does not show a nexus to a protected ground, and substantial evidence supports the determination that the verbal harassment from Portillo-Santos's neighbor was due to a personal land dispute. *See Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1051–52 (9th Cir. 2001).

3. Substantial evidence supports the BIA's conclusion that Petitioners do not qualify for CAT relief. Petitioners point to country condition reports discussing violence by gang members in Guatemala. But generalized evidence of violence and crime in a country is insufficient to prove that a specific individual faces a likelihood of mistreatment rising to the level of torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (submitted country reports were insufficient to establish eligibility for CAT relief because they did not indicate any particularized risk of torture). Petitioners also point to their experiences in Guatemala. But Petitioners have not shown that they experienced "an extreme form of cruel and inhuman treatment that is specifically intended to inflict severe physical or mental pain or suffering," as required for treatment to amount to torture. *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (cleaned up).

**PETITION DENIED.**

4