IKUTA, Circuit Judge,
dissenting:
In order to be excused from complying with the one-year time bar for applications for asylum, Cestari-Cuenca and Flores-Camacaro (Petitioners) were required to show that extraordinary circumstances prevented them from filing a timely asylum application. See 8 U.S.C. § 1158(a)(2)(B), (D); see also 8 C.F.R. § 208.4(a)(5). Petitioners attempted to show that Tomaszewski’s ineffective assistance was the cause of their untimeliness, but as the IJ and BIA held, Petitioners failed to establish the existence of extraordinary circumstances and did not offer any explanation for the 17-month delay between the revelation of Tomaszewski’s ineffective assistance in February 2002 and the tardy filing of their asylum applications in July 2003. See 8 C.F.R. § 208.4(a)(5). Accordingly, the BIA properly denied their asylum claim. See Hu-syev v. Mukasey, 528 F.3d 1172, 1181-82 (9th Cir.2008).
On appeal, and for the first time, Petitioners argue that the 17-month delay was caused by Salazar’s ineffective assistance in failing to file their asylum applications. Petitioners did not exhaust that argument before the IJ or the BIA, as they were required to do. 8 U.S.C. § 1252(d)(1). Petitioners introduced their ineffective assistance of counsel claim against Salazar in their second motion to reopen, but that claim was limited to Salazar’s failure to file a timely direct appeal to the BIA’s January 28, 2005 order, and his failure to inform them that their voluntary departure had not been tolled. Because Petitioners did not offer any explanation for the 17-month delay to the IJ and BIA, and did not argue that Salazar’s ineffective assistance in failing to file their asylum applications was the cause of that delay, those arguments are not exhausted, and we lack jurisdiction to consider them. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir. 2004).
Accordingly, I respectfully dissent.