**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARINDER SINGH, | No. 08-70778 |
| Petitioner, | Agency No. A096-174-747 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Varinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Singh failed to establish that he was targeted by police on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004) (petitioner has the burden of showing a purported criminal investigation has no bona fide objective). Accordingly, Singh's asylum and withholding of removal claims fail. *See id.* at 1045.

Substantial evidence supports the BIA's denial of CAT relief because Singh failed to establish it is more likely than not that he will be tortured if returned to India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

We lack jurisdiction over Singh's due process claim because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (curable procedural defects must be raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**