**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JUKARDI TJHENDRAWAN, | No. 08-73139 |
| Petitioner, | Agency No. A096-361-782 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Jukardi Tjhendrawan, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part, grant in part, and dismiss in part the petition for review, and we remand.

The record does not compel the conclusion that Tjhendrawan established changed circumstances excusing his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, Tjhendrawan's asylum claim fails.

Substantial evidence supports the agency's denial of CAT relief because Tjhendrawan failed to establish it is more likely than not he would be tortured if removed to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Substantial evidence also supports the agency's determination that the incidents of mistreatment Tjhendrawan suffered constituted discrimination or harassment and did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment due to petitioner's religious beliefs did not compel finding of past persecution); *Wakkary*, 558 F.3d at 1059-60 ("discriminatory mistreatment" including two incidents of beating and robbery and being accosted by a hostile mob did not compel finding of past persecution). However, when the agency declined to apply the disfavored

group analysis to Tjhendrawan's withholding of removal claim, it did not have the benefit of our intervening decisions in *Wakkary* and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Accordingly, we remand for the BIA to assess this claim under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, we lack jurisdiction to consider Tjhendrawan's due process claim because he did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.**