**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YU PENG ZHANG, | No. 08-75157 |
| Petitioner, | Agency No. A077-894-917 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Yu Peng Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Zhang's contention that the IJ did not make an adverse credibility determination, because he failed to exhaust that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility determination based upon the omission from Zhang's asylum application of the beating he endured during his detention. *See Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Zhang's CAT claim is based on the same testimony found to be not credible, and Zhang does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim also fails. *See id*. at 1157.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**