**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ECKY MARTO TOMPODUNG; IVONNE MARLYN TOMPODUNG, a.k.a. Efonia Marlet Tompodung, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74985 <br><br> Agency Nos.  A078-020-376 <br> A097-351-366 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Ecky Marto Tompodung and Ivonne Marlyn Tompodung, natives and

citizens of Indonesia, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider petitioners' argument that changed circumstances excused the untimely asylum application, because they did not raise this to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below). Accordingly, because this is the only challenge to the agency's time-bar finding, we deny the petition as to petitioners' asylum claim.

With respect to withholding of removal, we lack jurisdiction to consider petitioners' new claim that they suffered past persecution because they did not raise this to the BIA. *See id.* In addition, even under a disfavored group analysis, petitioners have not shown sufficient individualized risk to establish a clear probability of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1183 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Accordingly, petitioners' withholding of removal claim fails.

Finally, we also lack jurisdiction over any challenge to the IJ's denial of CAT relief, and over petitioners' due process challenge to the deficiencies in the transcript, because petitioners did not raise these issues to the BIA. *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

07-74985