**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

NESTOR PAUL HERNANDEZ-
MORALES,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 07-72198

Agency No. A074-319-906

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2012[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, TROTT and THOMAS, Circuit Judges.

1.     The Board of Immigration Appeals ("BIA") did not err in finding that

Hernandez was statutorily ineligible for an adjustment of status under 8 U.S.C.

§ 1255. Because Hernandez entered the United States illegally, he does not meet

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the requirement of § 1255(a) that an alien be "inspected and admitted or paroled" into the country. Hernandez does not otherwise qualify as having been "grandfathered" into the statute. *See* 8 C.F.R. § 1245.10; *Landin-Molina v. Holder*, 580 F.3d 913, 915-17 (9th Cir. 2009).

2.      Hernandez was also not eligible for *nunc pro tunc* permission to reapply for admission. Because Hernandez illegally returned to the United States and remained in the country after having been deported, the BIA properly concluded that he was among a class of "illegal entrants" who were "inadmissible for being present without admission or parole." 8 U.S.C. § 1182(a)(6)(A).

3.      The BIA did not err in finding Hernandez had failed to establish extraordinary circumstances excusing his untimely filing as required by 8 U.S.C. § 1158(a)(2)(D). The failure of the border officials to refer him to an asylum officer or immigration judge in 2007, two years before his most recent reentry, does not rise to the level of an extraordinary circumstance.

Similarly, the officers' actions did not constitute affirmative misconduct which would subject the government to equitable estoppel. Hernandez must show more than official negligence, and nothing in the record suggests the officers engaged in a "deliberate lie" or "pattern of false promises." *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc).

2

4.      We lack jurisdiction to consider Hernandez's contention that the immigration judge violated his right to due process and confrontation of witnesses. Hernandez's counsel waived the claim before the IJ and also failed to exhaust the issue before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**

3