**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT BOLOTAULO FRANCISCO, | No. 10-73512 |
| Petitioner, | Agency No. A070-086-663 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Robert Bolotaulo Francisco, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and review de novo due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Francisco's motion to reopen as untimely because the motion was filed more than thirteen years after the final order of removal and did not qualify for an exception to the 90-day filing limitation. *See* 8 C.F.R. § 1003.2(c)(2)-(3).

Francisco's contention that the BIA violated due process by denying his motion to reopen fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a showing of error to prevail on a due process claim).

To the extent Francisco contends that the BIA should have invoked its authority to reopen his proceedings sua sponte, we lack jurisdiction to review his contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

We lack jurisdiction to consider Francisco's unexhausted contention that his status as a derivative beneficiary of an earlier-filed visa petition entitles him to reopening. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction over contentions not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

10-73512