**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUSINE TASLAKHCHYAN, a.k.a. Lusine Gevorg Taslakhchyan, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72400 <br><br> Agency No. A078-642-306 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Lusine Taslakhchyan, a native of the former Union of Soviet Socialist

Republics and a citizen of Armenia, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying her motion to reopen removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo due process claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Taslakhchyan's motion to reopen as untimely, because her motion was filed nearly two years after the BIA's January 30, 2008, order, *see* 8 C.F.R. § 1003.2(c)(2), did not establish an exception to the filing deadline for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3), and did not establish grounds for equitable tolling of the filing deadline, *see Avagyan v. Holder,* 646 F.3d 672, 678-80 (equitable tolling available where petitioner is prevented from filing because of deception, fraud, or error, as long as petitioner acts with due diligence in discovering such circumstances).

We lack jurisdiction to review Taslakhchyan's contention that her former counsel did not properly raise her lack of notice claim because she failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**