**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVI FRANCISCA REAL, | No. 11-72306 |
| Petitioner, | Agency No. A093-278-161 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Elvi Francisca Real, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her motion to reopen removal

proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Real's motion to reopen as untimely where it was filed one and a half years after the date of her order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days after the date of the removal order), and Real failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to a petitioner who establishes deception, fraud or error, and exercised due diligence in discovering such circumstances).

It follows that the BIA did not violate Real's due process rights by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

In her opening brief, Real fails to raise, and therefore has waived, any challenge regarding lack of notice of her hearing and statutory ineligibility for cancellation of removal. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

We lack jurisdiction to review Real's contention that the absence of a complete transcript of the proceedings before the IJ violated her due process rights because she failed to raise this contention before the agency and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

Real's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**