**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRO GONZALEZ-JOSE, | No. 11-73513 |
| Petitioner, | Agency No. A095-764-475 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Andro Gonzalez-Jose, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

Gonzalez-Jose concedes his asylum application was time-barred. Thus, we do not reach his arguments regarding the merits of his asylum claim.

Gonzalez-Jose testified he never experienced harm or mistreatment in Guatemala, but he fears returning there because of crime and gangs. Substantial evidence supports the agency's determination that he failed to establish past persecution or a clear probability of future persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (a protected ground must be "one central reason" for an applicant's persecution). We lack jurisdiction to consider Gonzalez-Jose's contentions regarding ethnicity, imputed political opinion, and membership in a particular social group that he did not raise before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not raised before the agency). Accordingly, Gonzalez-Jose's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT protection because Gonzalez-Jose failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**