NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL ALEXANDRUK; TEREZA ALEXANDRUK, | No. 13-73609 |
| Petitioners, | Agency Nos. A088-537-682 |
| | A088-537-683 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2017**
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and LEMELLE,*** Senior District Judge.

Daniel Alexandruk (Alexandruk) and his wife, Tereza Alexandruk, petition

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

for review of the Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's denial of their joint application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because Tereza Alexandruk's claim is derivative of her husband's, we focus on his eligibility. *See* 8 C.F.R. § 208.21(a). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

(1) The BIA's denial of asylum is free from legal error. Despite Alexandruk's protestations to the contrary, the BIA did not require him to show continuing injury from his alleged past persecution and did consider the cumulative effects of his mistreatment, the fact that he was a child when much of the alleged mistreatment occurred, his psychological harm, and other evidence in the record.

(2) The BIA's denial of asylum is supported by substantial evidence. *See Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Alexandruk did not establish that he suffered past persecution on account of his religion or perceived ethnicity. "Persecution is an extreme concept that means something considerably more than discrimination or harassment." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (internal quotation marks omitted). Although there is evidence that Alexandruk was bullied by other children, a teacher, and coworkers, even considering all of the incidents cumulatively and taking his youth into consideration, the record does not compel a conclusion that his mistreatment rose

2

to the level of persecution. *See id.*; *cf. Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009); *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1014–16 (9th Cir. 2003).

Because Alexandruk did not suffer past persecution, he must show a well-founded fear of future persecution. *See Halim*, 590 F.3d at 976. The behavior Alexandruk fears—that he may experience difficulty gaining a job or be assigned less-desirable tasks because of his religion or perceived nationality—does not rise to the level of persecution. Because Alexandruk did not suffer past persecution and did not establish a well-founded fear of future persecution, he is not entitled to asylum. *See Hanna v. Keisler*, 506 F.3d 933, 937 (9th Cir. 2007).

(3) Because Alexandruk is not eligible for asylum, he is also not eligible for withholding of removal. *See Halaim v. I.N.S.*, 358 F.3d 1128, 1132 (9th Cir. 2004) ("[F]ailure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation." (internal quotation marks omitted)).

(4) Alexandruk did not present his claim for humanitarian asylum to the BIA. That claim is therefore not exhausted and we do not have jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

(5) The BIA's denial of CAT relief is supported by substantial evidence. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment . . . ." 8

3

C.F.R. § 208.18(a)(2).  Alexandruk did not present evidence that it is more likely than not that he would be tortured if returned to the Czech Republic.  *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

**DENIED.**