**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUE YING WANG, | No.    16-70659 |
| Petitioner, | Agency No. A089-114-347 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Yue Ying Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Wang's contentions regarding membership in a disfavored group, and claims based on her imputed political opinion, illegal departure, or any status as a criminal.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

We do not consider materials Wang referenced in her opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (court's review is limited to the administrative record).

As to Wang's past harm, substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wang's testimony and declaration as to the number of incidents in which the police beat her, her religious service attendance after the failed police raid, and whether the police visited her in April 2008.  *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances).  Wang's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  As to Wang's

16-70659

fear of future harm, substantial evidence supports the agency's determination that, even if Wang is a Christian, she failed to establish a well-founded fear of future persecution in China. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present compelling evidence of a well-founded fear of future persecution). Thus, Wang's asylum claim fails.

In this case, because Wang failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, as to Wang's CAT claim, substantial evidence supports the agency's denial of relief where Wang's claim of past harm is based on the same testimony the agency found not credible and she does not point to any other evidence of past harm, *see Shrestha*, 590 F.3d at 1048-49, and where she otherwise fails to establish that it is more likely than not she would be tortured if returned to China, *see Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**