NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATAN GABRIEL FERNANDEZ-
CATALAN, AKA Francisco Rivera-
Mendez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-70634

Agency No. A205-604-356

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Jonatan Gabriel Fernandez-Catalan, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider the newly argued contentions in Fernandez-Catalan's brief regarding asylum and withholding of removal because he did not raise them before the agency. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We exercise our discretion to review the agency's conclusion that Fernandez-Catalan failed to establish that he would be persecuted on account of a protected ground, notwithstanding his failure to brief the issue adequately. *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004). Substantial evidence supports the agency's conclusion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A]n applicant's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Fernandez-Catalan's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Fernandez-Catalan failed to show that it is more likely than not he will be

2                                                                                          15-70634

tortured by or with the consent or acquiescence of the government if returned to Guatemala. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**