**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANUSH MATASAKIAN; ANZHELIKA KIRAKOSIAN; ARAM OVSEPOVICH KIRAKOSIAN; ARMAN KIRAKOSIAN, | No. 20-71573 |
| Petitioners, | Agency Nos. A208-600-878 A208-600-879 A208-600-472 A208-600-473 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2021[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and BERMAN,[***] District Judge.

Petitioners Anush Matsakian ("Anush"), her husband, Aram Ovsepovich

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

Kirakosian ("Aram"), and their two minor children (collectively, "Petitioners") petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an Immigration Judge's (IJ) decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), applying the standards governing adverse credibility determinations created by the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii); *see Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

1. The IJ identified numerous inconsistencies between the testimony of Anush and Aram, documentary evidence in the record, the asylum application, and a prior visa application. These inconsistencies and omissions were non-trivial. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (upholding adverse credibility determination based on added allegations about a beating and account that police told applicant that they were pointing a gun at his son "because of [his] political opinion"). And the IJ gave Aram sufficient opportunity to explain any inconsistency. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Accordingly, the BIA did not err in upholding the adverse credibility determination against Aram.

The BIA also properly upheld the adverse credibility determination against Anush because her testimony regarding an alleged dog attack that was the purported impetus for Petitioners' flight from Russia was inconsistent with Amar's testimony regarding that incident. Aram and Anush also testified inconsistently about whether the couple planned to merely visit the United States in 2014. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010); *see also Don v. Gonzales*, 476 F.3d 738, 741–42 (9th Cir. 2007). Accordingly, the adverse credibility determination against Amar is supported by substantial evidence.

2.     The BIA did not err in upholding the adverse credibility determination against Petitioners' expert. The REAL ID Act allows the IJ to make adverse credibility determinations on any witness based on the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). Considering the totality of the circumstances, the record supports the IJ's conclusion that the expert's testimony was inconsistent with the State Department's report on Russia, and that the expert's testimony that Armenians face pervasive discrimination in Russia contradicted his admission that there has been a large influx of Armenians to Russia. Moreover, even if the BIA erred in upholding the adverse credibility determination, the expert himself did not witness any of the mistreatment Petitioners faced, and thus, this evidence is not particularized to them and cannot independently support their claims to relief without their credible testimony. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir.

2019) (per curiam). Therefore, remand would not be appropriate because it would be futile. *Id.*

3. Given the agency's adverse credibility determination, Petitioners' asylum and withholding of removal claims fail, as "the remaining evidence in the record is insufficient to carry [their] burden of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Moreover, Petitioners did not argue before the BIA that they were entitled to CAT relief, despite the adverse credibility argument, and thus, the court lacks jurisdiction to review the denial of CAT relief as that claim is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**PETITION DISMISSED IN PART AND DENIED IN PART.**