**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHIYONG CUI, | No. 17-70009 |
| Petitioner, | Agency No. A205-184-297 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Zhiyong Cui, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding Cui's dates of employment and arrest.  *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances").  Cui's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, in this case, Cui's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider Cui's request for CAT protection or his contentions that the IJ violated his right to due process.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

We reject Cui's contention that the BIA violated his right to due process.  *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

17-70009