**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Saul Dejesus Tejada-Castro, | No. 21-251 |
| Petitioner, | Agency No.    A205-648-309 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023**
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Saul Dejesus Tejada-Castro, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("Board") dismissal of his

appeal from the Immigration Judge's denial of his application for asylum and

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Substantial evidence supports the Board's determination that Tejada failed to establish a well-founded fear of future persecution because he did not establish a nexus between a protected ground and potential gang violence in El Salvador.[2] *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). Tejada claimed fear of future persecution based on his membership in a particular social group comprised of his "Immediate Family Members of [his three children]."[3] However, Tejada did not present any evidence that gangs in El Salvador identified or threatened Tejada, his wife, or any other relative of Tejada's three children. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) (explaining that the reasonableness of fear of persecution is undercut

---

[1] Tejada did not challenge the denial of his application for protection under the Convention Against Torture before the Board. Thus, his claim is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

[2] The BIA assumed that Tejada was credible and his asylum application was timely. In addition, Tejada did not assert or present evidence that he was subjected to past persecution. Thus, our review is limited to whether Tejada established a well-founded fear of future persecution. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

[3] To the extent that Tejada raises for the first time on appeal that he will be persecuted on account of a political opinion, this claim is unexhausted, and we lack jurisdiction to address it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Even if the issue were exhausted, "resistance to gang membership is not a protected ground." *See also Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

when similarly situated family members remain in the home country unharmed). Moreover, Tejada does not challenge the Board's conclusions nor does he explain why gangs will target him because his children refused the gangs' recruitment efforts. *See Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Accordingly, Tejada's asylum and withholding of removal claims fail.

**PETITION DENIED.**